JAMES T. BURTON (USB 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (USB 12647)
*jrupp@kmclaw.com*
**KIRTON │ McCONKIE**
1800 World Trade Center
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone:  (801) 328-3600
Facsimile:  (801) 321-4893

*Attorneys for Plaintiff*
*Young Living Essential Oils, LC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOUNG LIVING ESSENTIAL OILS, LC., a Utah Corporation<br><br>Plaintiff,<br><br>vs.<br><br>PIPING ROCK HEALTH PRODUCTS, LLC, a New York Limited Liability Company,<br><br>Defendant. | Civil Action No.: 2:15-cv-00762-JNP<br><br>**COMPLAINT**<br><br>Judge: Jill N.Parrish<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Young Living Essential Oils, LC ("Young Living"), hereby complains and alleges against Defendant Piping Rock Health Products, LLC ("Defendant") as follows:

## THE PARTIES

1.      Young Living is a Utah corporation having its principal place of business at 3125 Executive Parkway, Lehi, Utah 84043.

2.      Defendant is a New York limited liability company having its principal place of business 2120 Smithtown Avenue, Ronkonkoma, New York 11779.

**JURISDICTION AND VENUE**

3.      This is an action for trademark infringement and unfair competition under the Lanham Act, common law trademark infringement, violation of the Utah Deceptive Trade Practices Act, and unfair competition.

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).

5.      This Court has supplemental jurisdiction over Young Living's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Young Living's federal claims.

6.      This Court has personal jurisdiction over Defendant because Defendant transacts business in this district (including by selling its infringing product in and into this district), the actions giving rise to this lawsuit have occurred in this district, and Defendant has caused damages to Young Living in this district.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendant, and because a substantial part of Defendant's acts and omissions giving rise to Young Living's claims occurred in this district.

**GENERAL ALLEGATIONS**

**I.   YOUNG LIVING**

8.      Young Living was founded in 1994 by Gary and Mary Young.

9.      Young Living is the world leader in essential oils and wellness solutions.

10.     Young Living markets its essential oils through a world-wide network of independent distributors, most of whom are also consumers of Young Living's products.

11.     Currently, Young Living has hundreds of thousands of independent distributors throughout the world.

12.     In order to provide its essential oils to its customers, Young Living owns and operates farms in the United States and throughout the world, on which farms Young Living grows many of the plants it uses to make its essential oils.

13.     Essential oils are aromatic volatile liquids derived from plants which have many uses, including use in food flavoring, perfume industries, and in aromatherapy.

14.     Young Living specializes in the manufacture, sale, and marketing of essential oils of natural plant origin suitable for aromatherapy and wellness practices.

15.     Young Living sells a variety of individual essential oils, including lavender, peppermint, lemon, frankincense, and many others.

16.     Young Living also sells proprietary blends of essential oils and products made with essential oils.

17.     Young Living's efforts and accomplishments have contributed to its extraordinary reputation and goodwill, making Young Living a well-known and recognized name in its field throughout the United States.

18.     Indeed, Young Living's enviable reputation and philosophy of providing the public with the highest quality essential oils has made it a leader in its field.

**II.  YOUNG LIVING'S MARKS**

19.     Young Living has continuously provided high quality blended essential oils using the THIEVES, PURIFICATION, and VALOR marks since at least 1994.

20.     The United States Patent and Trademark Office ("USPTO") granted Young Living a federal registration (U.S. TM Reg. No. 2,688,364) for the THIEVES mark on February 18, 2003, a copy of which is attached as Exhibit A.

21.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No.

2,964,821) for the PURIFICATION mark on July 5, 2005, a copy of which is attached as Exhibit B.

22.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 2,683,259) for the VALOR mark on February 4, 2003, a copy of which is attached as Exhibit C.

23.     Young Living's THIEVES, PURIFICATION, and VALOR marks have each achieved incontestability status pursuant to 15 U.S.C. § 1065.

24.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,376,568) for the THIEVES standard character mark on July 30, 2013, a copy of which is attached hereto as Exhibit D.

25.     Young Living's THIEVES, PURIFICATION, VALOR, and THIEVES (standard character) marks referenced above are subsequently referred to herein collectively as "Plaintiff's Marks."

26.     In addition to federal trademark rights, Young Living also enjoys common law trademark rights in Plaintiff's Marks.

27.     Young Living is the owner of Plaintiff's Marks.

28.     Young Living's blended essential oils have been widely advertised and extensively promoted under Plaintiff's Marks, and Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value as a symbol of Young Living, its exceedingly high quality essential oils, and its goodwill.

29.     Young Living enjoys remarkable success and an enviable reputation in its field due in large part to its use of and rights in Plaintiff's Marks.

30.     Young Living has made great expenditures and sacrifices to achieve the success it now enjoys in Plaintiffs' Marks.

31.     Indeed, as a result of Young Living's favorable reputation and considerable investment in and promotion of Plaintiffs' Marks, Plaintiff's Marks have become an indicator of

Young Living's high quality essential oils.

32.     Young Living enforces its rights herein under Plaintiff's Marks in order to ensure Young Living's continued success and excellent reputation.

33.     Plaintiff's Marks have been extensively and continuously advertised and promoted to the public by Young Living through various means and modes, including but not limited to, through Young Living's worldwide network of distributors, over the Internet (including at youngliving.com), at trade shows, telephonically, and in-person.

34.     By reason of such advertising and promotion, Young Living has sold essential oils under Plaintiff's Marks to hundreds of thousands of customers.

35.     Because of Young Living's advertising and promotion under Plaintiff's Marks, the public has come to recognize Young Living's essential oils utilizing Plaintiff's Marks as solely emanating from Young Living.

36.     As a result of Young Living's extensive use, advertising, promotional efforts, market recognition, commercial success, and wide distribution through its world-wide distribution channels, Plaintiff's Marks have become famous and are recognized as distinctive symbols of the highest quality of essential oils.

37.     Plaintiff's Marks are an extremely valuable asset of Young Living.

## II. DEFENDANT'S INFRINGING CONDUCT

19.     Defendant promotes similar goods to Plaintiff's Marks.

20.     Specifically, Defendant promotes and sells alleged essential oils under the mark "My 4 Thiefs [sic] Essential Oil."  A representative copy of Defendant's infringing "My 4 Thiefs Essential Oil" advertisement is attached as Exhibit E.

21.     Defendant's "My 4 Thieves Essential Oil" was previously called "My Thieves Essential Oil."

22.     In the Internet domain name for Defendant's "My 4 Thiefs Essential Oil" product,

it uses the term "thieves-oil," thereby further infringing Young Living's THIEVES mark. *See id.*

23.     Defendant also promotes alleged essential oils under the mark "Purify Essential Oil." A representative copy of Defendant's infringing "Purify Essential Oil" advertisement is attached as Exhibit F.

24.     Defendant's "Purify Essential Oil" was previously called "Purification Essential Oil." It was only after Defendant received a cease-and-desist letter from Young Living that Defendant changed the name of this product to "Purify Essential Oil."

25.     In the Internet domain name for Defendant's "Purify Essential Oil" product, it uses the term "purification-oil," thereby further infringing Young Living's PURIFICATION mark. *See id.*

26.     Defendant previously promoted alleged essential oils under the mark "Valor." A representative copy of Defendant's infringing "Valor" advertisement is attached as Exhibit G.

27.     The foregoing "My 4 Thiefs Essential Oil," "Purify Essential Oil," and "Valor" marks used by Defendant are referred to collectively as the "Infringing Marks."

28.     Defendant's goods utilizing the Infringing Marks are sold at, for example (and without limitation), www.pipingrock.com and amazon.com.

29.     Defendant's use of the Infringing Marks is confusingly similar to Plaintiff's Marks.

30.     Defendant's use of the Infringing Marks is likely to cause consumer confusion and a false association between Young Living's essential oils and the goods offered by Defendant utilizing the Infringing Marks, falsely leading consumers to believe that the products emanate from the same source or that Young Living and Defendant are somehow affiliated.

31.      On information and belief, such diversion has resulted in, and will continue to result in, substantial and irreparable harm to Young Living and to consumers in this district.

32.     Defendant's offering to the public of goods under the Infringing Marks has been

and is without permission or authority of Young Living.  Such public offerings are without license from Young Living.

33.    The Infringing Marks have been used by Defendant and offered to the public utilizing this district as a forum for its infringing activities with knowledge that the Infringing Marks are not authorized by Young Living.

34.    By using the Infringing Marks and offering alleged essential oils for sale under the Infringing Marks, including but not limited to the promotion of goods by Defendant which are confusingly similar to essential oils sold by Young Living, Defendant has misrepresented and falsely described to the general public the origin and source of Defendant's goods so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Young Living, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendant's goods.

35.    Upon information and belief, Defendant's goods offered under the Infringing Marks are inferior in quality to the goods authorized to be provided by Young Living, and therefore have, do, and will continue to damage the goodwill Young Living has developed in connection with offering its essential oils under Plaintiff's Marks.

36.    Defendant, upon information and belief, with full knowledge of the notoriety of Plaintiff's Marks intended to, and did, trade on the goodwill associated with Plaintiff's Marks, and has misled and will continue to confuse and mislead the public into assuming a connection between Young Living and Defendant by Defendant's offer to the public of its goods under the Infringing Marks.

37.    The use by Defendant of the Infringing Marks constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendant's goods offered to the public by Defendant as originating from, or

connected with, Young Living, and constitutes utilizing false descriptions or representations in commerce.

38.    The imitation, reproduction, and other unauthorized use of the Infringing Marks causes irreparable injury to Young Living, including injury to its business reputation and goodwill.

39.    Defendant's use of the Infringing Marks has, does, and is likely to permit Defendant to pass off its goods as those of Young Living, all to the detriment of Young Living, and to the unjust enrichment of Defendant.

40.    Defendant's use of the Infringing Marks has caused, currently causes, and is likely to continue to cause, damage to Young Living by tarnishing the valuable reputation and image associated with Young Living and its essential oils.  Defendant has further passed off its goods utilizing the Infringing Marks in interstate commerce as being affiliated with those of Young Living by Defendant's activities and many continuing misrepresentations to the consuming public, members of which are likely to and do believe that Defendant's goods utilizing the Infringing Marks are associated with Young Living.

41.    Defendant's unlawful activity results in irreparable harm and injury to Young Living.  Among other harms, it:

  a.    Deprives Young Living of its right to determine the manner in which its goods are presented to the general public;

  b.    Deceives the public as to the origin and sponsorship of Defendant's goods utilizing the Infringing Marks;

  c.    Wrongfully trades upon Young Living's reputation and exclusive rights in its trademarks; and

  d.    To the extent Defendant's goods utilizing the Infringing Marks are or may be of inferior quality or unauthorized for sale or distribution, irreparably harms and

8

injures Young Living's reputation.

33.    Young Living is entitled to an injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Young Living's rights.

34.    Young Living is further entitled to recover from Defendant the damages, including treble damages, interest, attorneys' fees, and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts as alleged herein.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Young Living.

## CAUSES OF ACTION
### COUNT I
### (TRADEMARK INFRINGEMENT UNDER § 43(a)(1)(A) OF THE LANHAM ACT)

35.    Young Living realleges and incorporates by reference all of the foregoing paragraphs.

36.    Defendant's use of the Infringing Marks is the improper use in commerce of words, terms, and/or names that are likely to cause confusion, mistake, or deception as to whether Defendant is affiliated, connected, or associated with Young Living (including Plaintiff's Marks) and/or as to whether Young Living originated, sponsored, or approved of Defendant's goods utilizing the Infringing Marks.

37.    By so acting, Defendant has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

38.    Young Living has been and will continue to be damaged by such wrongful actions.

39.    Because Defendant's actions were intentional, willful and/or deliberate, Young Living is entitled to an award of Defendant's profits, any damages sustained by Young Living, and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. §

1117(a)).

40.     By reason of the foregoing, Young Living is further entitled to injunctive relief and monetary damages against Defendant.

**COUNT II**
**(TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT)**

41.     Young Living realleges and incorporates by reference all of the foregoing paragraphs.

42.     Young Living possesses valid federal trademark registrations for Plaintiff's Marks issued by the USPTO.  *See* Exhibits A-D.

43.     Defendant's actions as described above, including Defendant's unauthorized use of the Infringing Marks to promote its products, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Young Living, or as to the origin, sponsorship, or approval of Defendant's products by Young Living.  Defendant's conduct described herein constitutes trademark infringement of each of Plaintiff's Marks in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

44.     Defendant's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's Marks, as well as damages and irreparable injury to Young Living's business, goodwill, and reputation.

45.     Young Living has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Defendant's continued use of Plaintiff's Marks is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Marks, making this case exceptional.

46.     Because Defendant's actions, on information and belief, were intentional, willful and/or deliberate, Young Living is entitled to an award of Defendant's profits, any damages sustained by Young Living, and costs of this action, including treble damages under § 35(a) of

the Lanham Act (15 U.S.C. § 1117(a)).

47.     By virtue of the foregoing, Young Living is entitled to injunctive relief and monetary damages against Defendant.

## COUNT III
### (COMMON LAW TRADEMARK INFRINGEMENT)

48.     Young Living realleges and incorporates by reference all of the foregoing paragraphs.

49.     Plaintiff's Marks are distinctive and have acquired secondary meaning.

50.     Defendant's actions, as alleged above, infringe Young Living's common law trademark rights under federal common law, Utah common law, and constitute acts of unfair competition.

51.     By reason of the foregoing, Young Living is entitled to injunctive relief and monetary damages against Defendant.

52.     The infringing activities of Defendant, on information and belief, are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV
### (UTAH DECEPTIVE TRADE PRACTICES – U.C.A. § 13-11A-3)

53.     Young Living realleges and incorporates by this reference all of the foregoing paragraphs.

54.     By using the Infringing Marks, Defendant has passed off its goods as those of Young Living.

55.     On information and belief, Defendant knowingly made a false representation as to the source, sponsorship, approval, or certification of its goods by its use of the Infringing Marks with knowledge of Plaintiff's Marks.

56.     The foregoing misconduct of Defendant constitutes deceptive trade practices

under Utah Code Annotated § 13-11A-3.

57.     Young Living is entitled to recover damages to fairly and reasonably compensate it for Defendant's conduct.

58.     Young Living is entitled to prevent, restrain, and enjoin Defendant from current and future uses of Plaintiff's Marks.

59.     Young Living is entitled to an award of its attorneys' fees and its costs for being required to file and prosecute this action pursuant to Utah Code Annotated § 13-11a-4(2)(c).

60.     Young Living has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendant's acts, and is, therefore, entitled to preliminary and permanent injunctive relief to enjoin Defendant from further misconduct.

## COUNT V
### (UNJUST ENRICHMENT)

61.     Young Living realleges and incorporates by this reference all of the foregoing paragraphs.

62.     Defendant has benefited from the improper, unfair, and unauthorized use of Young Living's exclusive trademark rights and goodwill attendant thereto, as set forth above.

63.     Defendant has knowledge and fully appreciates the benefits it has received from Young Living as a result of such actions.

64.     Defendant would be unjustly enriched if it were permitted to retain the proceeds obtained from such actions.

65.     Equity and good conscience dictate that Defendant be required to account for and turn over to Young Living an amount equal to the value of the benefits conferred upon it.

## JURY DEMAND

Young Living hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Young Living demands judgment against Defendant as follows:

A.      Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from infringing any of Young Living's rights in Plaintiff's Marks;

B.      Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from using any marks similar to Plaintiff's Marks that are likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Young Living and as to whether Defendant's goods utilizing the Infringing Marks have been authorized or sponsored by Young Living;

C.      Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from engaging in unfair competition;

D.      Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of goods utilizing the Infringing Marks;

E.      Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to affiliation, connection, association with, or certification by another, of good utilizing the Infringing Marks;

F.      An order of the Court directing Defendant to deliver up to Young Living all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendant's possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant, and an order from the Court compelling Defendant to notify its customers, agents, and representatives that the Infringing Marks or any confusingly similar variant is not connected with Young Living;

G.      An order from the Court directing Defendant to provide an accounting of all

revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint;

H.      Awarding Young Living its actual damages, and awarding Young Living any additional damages that the Court deems just and equitable under the circumstances of the case;

I.      Awarding Young Living treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claim asserted under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a);

J.      Establishment of a constructive trust consisting of profits from or obtained by Defendant's wrongful acts, to be held for the benefit of Young Living;

K.      Awarding Young Living damages to which it is entitled based upon Defendant's unjust enrichment;

L.      Awarding Young Living prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of this Complaint through the date of judgment;

M.      Awarding Young Living its allowable costs and attorneys' fees, including but not limited to, pursuant to Utah Code Annotated § 13-11A-4(2)(c); and

N.      Awarding Plaintiff such other and/or further relief as is just and equitable.

DATED this  27th day of October, 2015.

Respectfully submitted,

KIRTON │ McCONKIE

By: /s/James T. Burton
     James T. Burton
     Joshua S. Rupp

Attorneys for Plaintiff
*Young Living Essential Oils, LC*